# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

ST. BERNARD PARISH SCHOOL
BOARD

v.

ALLERGAN LIMITED F/K/A
ALLERGAN PLC F/K/A ACTAVIS PLC
F/K/A ALLERGAN, INC.; ALLERGAN
FINANCE, LLC F/K/A ACTAVIS, INC.
F/K/A WATSON PHARMACEUTICALS,
INC.; ALLERGAN SALES, LLC;
ALLERGAN USA, INC.; WATSON
LABORATORIES, INC.; WARNER
CHILCOTT COMPANY, LLC; ACTAVIS
PHARMA, INC. F/K/A WATSON
PHARMA, INC.; ACTAVIS SOUTH
ATLANTIC LLC; ACTAVIS
ELIZABETH LLC; ACTAVIS MID
ATLANTIC LLC; ACTAVIS TOTOWA
LLC; ACTAVIS, LLC; ACTAVIS
KADIAN LLC; ACTAVIS
LABORATORIES UT, INC. F/K/A
WATSON LABORATORIES, INC.-SALT
LAKE CITY; ACTAVIS
LABORATORIES FL, INC. F/K/A
WATSON LABORATORIES, INC.-
FLORIDA; TEVA PHARMACEUTICAL
INDUSTRIES, LTD.; TEVA
PHARMACEUTICALS USA, INC.;
CEPHALON, INC.; JOHNSON &
JOHNSON; JANSSEN
PHARMACEUTICALS, INC.; ORTHO-
MCNEIL-JANSSEN
PHARMACEUTICALS, INC. N/K/A
JANSSEN PHARMACEUTICALS, INC.;
JANSSEN PHARMACEUTICA INC.
N/K/A JANSSEN PHARMACEUTICALS,
INC.; NORAMCO, INC.; ENDO HEALTH
SOLUTIONS INC.; ENDO
PHARMACEUTICALS, INC.; PAR
PHARMACEUTICAL, INC.; PAR
PHARMACEUTICAL COMPANIES,

CIVIL ACTION

NO.:

SECTION:

JUDGE:

MAGISTRATE JUDGE:

INC. F/K/A PAR PHARMACEUTICAL
HOLDINGS, INC.; MYLAN
PHARMACEUTICALS INC.; WEST-
WARD PHARMACEUTICAL CORP.
N/K/A HIKMA PHARMACEUTICALS
USA INC.; INDIVIOR INC.; AMNEAL
PHARMACEUTICAL, INC.; AMNEAL
PHARMACEUTICAL LLC; IMPAX
LABORATORIES LLC F/KA IMPAX
LABORATORIES, INC.; NOVARTIS
PHARMACEUTICALS CORP.;
SANDOZ, INC.; SUN
PHARMACEUTICAL INDUSTRIES,
INC.AMERISOURCEBERGEN DRUG
CORPORATION; MCKESSON
CORPORATION; CARDINAL HEALTH,
INC.; CVS HEALTH CORPORATION;
CVS PHARMACY, INC., AND CVS TN
DISTRIBUTION, LLC F/K/A CVS TN
DISTRIBUTION, INC.; WALGREENS
BOOTS ALLIANCE, INC.; WALGREEN
CO.; WALMART INC. F/K/A WAL-
MART STORES, INC.; TOP RX;
ASSOCIATED PHARMACIES, INC.;
MORRIS AND DICKSON CO., LLC

## DEFENDANTS JOHNSON & JOHNSON AND
## JANSSEN PHARMACEUTICALS, INC.'S NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. (collectively, "Janssen") hereby give notice of removal of this action, captioned *St. Bernard Parish School Board v. Allergan Limited f/k/a Allergan plc f/k/a Actavis plc f/k/a Allergan, Inc., et al.,* bearing case number 201319 (Section "E"), from the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, to the United States District Court for the Eastern District of Louisiana. Pursuant to 28 U.S.C. § 1446(a), Janssen provides the following statement of the grounds for removal:

## INTRODUCTION

1.      This action is one of many similar lawsuits filed across the country on behalf of state counties and municipalities relating to alleged harms stemming from abuse of FDA-approved prescription opioid medications. On December 5, 2017, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in the Northern District of Ohio for these actions, *i.e.*, cases in which plaintiffs allege that "manufacturers of prescription opioid medications overstated the benefits and downplayed the risks of the use of their opioids and aggressively marketed . . . these drugs to physicians . . ." *In re Nat'l Prescription Opiate Litig.*, 290 F. Supp. 3d 1375, 1378 (J.P.M.L. 2017). Dozens of similar cases removed to federal court—which raise substantially similar removal issues—have already been transferred or conditionally transferred to the MDL, and more (including this action) will surely follow.

2.      The present suit and others like it assert claims against major manufacturers and distributors of opioid medications. The principal difference in the various suits is the rotating cast of in-state defendants named for the sole purpose of thwarting diversity jurisdiction. That is the case here.

3.      Plaintiff names distributor Morris & Dickson Co. LLC ("Morris & Dickson"), a Louisiana Liability Company with its principal place of business and domicile in Louisiana, as the lone non-diverse defendant. Plaintiff's tacked-on references to Morris & Dickson are nothing more than threadbare jurisdictional recitals devoid of any allegation of wrongdoing.

4.      Federal jurisdiction cannot be so easily evaded. Where, as here, a plaintiff sues diverse defendants and tacks on meritless and/or materially distinct claims against one or more non-diverse defendants in an effort to destroy diversity, it is appropriate for courts to ignore the

citizenship of the non-diverse defendants, sever them, and retain diversity jurisdiction over the diverse parties.

5.      Thus, the basis for removal here is the same as in the numerous virtually identical opioid-related cases previously removed to federal court: there is complete diversity of citizenship between the plaintiff, on the one hand, and the manufacturers, on the other. The citizenship of the lone non-diverse defendant, distributor Morris & Dickson, should be ignored because it is fraudulently joined, subject to severance under Rule 21 (because all the distributors are unnecessary and dispensable parties under Rule 19 as well as misjoined under Rule 20), and fraudulently *mis*joined.

6.      As discussed below, there is federal diversity jurisdiction here as to all of the properly joined Defendants. And judicial economy would be furthered if all removal questions were addressed by the MDL Court following the transfer of this case to the MDL. *E.g.*, *St. Bernard Parish Gov't v. Purdue Pharma L.P. et al.*, No. 2:18-cv-02717-NJB-DEK (E.D. La. Mar. 29, 2018), Doc. 21 (Order Granting Stay); *see also Robinson Rancheria v. McKesson Corp. et al.*, No. 3:18-cv-02525-VC (N.D. Cal. July 16, 2018), Doc. 23 (Order Granting Stay); *County of Floyd v. Purdue Pharma L.P. et al.*, No. 7:17-cv-00186-GFVT (E.D. Ky. Jan. 22, 2018), Doc. 18 (Order Granting Stay).

### BACKGROUND

7.      On November 13, 2020, this Petition for Damages was filed in the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, State of Louisiana, on behalf of Plaintiff, St. Bernard Parish School Board. Defendants Johnson & Johnson and Janssen have not been served with the Petition. A copy of the Petition for Damages is attached hereto as **Exhibit 1**. *See* 28 U.S.C. § 1446(a).

8.     As in prior cases, the Petition asserts claims against manufacturers of FDA-approved prescription opioid medications and distributors of opioid products as follows:

a.     "Manufacturer Defendants" — Allergan Limited f/k/a Allergan plc f/k/a Actavis plc (incorrectly named as "Allergan Limited f/k/a Allergan plc f/k/a Actavis plc f/k/a Allergan, Inc." in the Petition); Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC (incorrectly named as "Actavis, LLC" in the Petition); Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida; Teva Pharmaceutical Industries Ltd. (incorrectly named as "Teva Pharmaceutical Industries, Ltd." in the Petition); Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.; Noramco, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.; Mylan Pharmaceuticals Inc.; West-Ward Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc. (incorrectly named as "West-Ward Pharmaceutical Corp. n/k/a Hikma Pharmaceuticals USA Inc." in the Petition); Indivior Inc.; Amneal Pharmaceuticals, Inc.; Amneal Pharmaceuticals LLC; Impax Laboratories LLC f/k/a Impax Laboratories, Inc.; Sandoz Inc. (incorrectly named as "Sandoz, Inc." in the Petition); Novartis Pharmaceuticals Corp.; and Sun Pharmaceutical Industries, Inc.

b.      "Distributor Defendants" — McKesson Corporation; Cardinal Health, Inc.; AmerisourceBergen Drug Corporation; CVS Health Corporation; CVS Pharmacy, Inc.; CVS TN Distribution, LLC f/k/a CVS TN Distribution, Inc.; Walgreens Boots Alliance, Inc.; Walgreen Co.; Walmart, Inc. f/k/a Wal-Mart Stores, Inc.; Associated Pharmacies, Inc.; Top RX, LLC; and Morris & Dickson Co., LLC.

9.      The thrust of this Petition is that the Manufacturer Defendants engaged in a marketing and promotional campaign based on misrepresentations about the risks of FDA-approved prescription opioid medications. (Pet. ¶¶ 15-61, 101-86, 251-321.) According to Plaintiff, the Manufacturer Defendants' alleged conduct has caused Plaintiff to incur "increased services costs associated with [opioid] addiction and criminal activity." (*Id*. ¶ 501.) All of the Manufacturer Defendants are citizens of states or foreign states other than Louisiana.

10.     Unlike the allegations against the Manufacturer Defendants, none of Plaintiff's allegations against the Distributor Defendants relate to purported misrepresentations in marketing or promoting opioid medications. Instead, Plaintiff alleges that the Distributor Defendants "breached their duties to exercise due care in the business of wholesale distribution of dangerous opioids . . . by failing to monitor for, failing to report, and filling highly excessive or unusual orders . . . ." (*Id*. ¶ 549.)  Only one Distributor Defendant, Morris & Dickson, is a Louisiana citizen. (*Id*. ¶ 76.) The remaining Distributor Defendants are citizens of states other than Louisiana. (*Id*. ¶¶ 63-75.)

11.     The Petition asserts eight causes of action against "all Defendants," although each individual claim rests almost entirely on conduct involving the Manufacturer Defendants, on the one hand, or the Distributor Defendants, on the other: (Count I) public nuisance; (Count II) Louisiana Racketeering Act; (Count IV) redhibition; (Count V) false advertising; (Count VI)

misbranding drugs or devices; (Count VIII) negligence and negligent misrepresentation; (Count IX) fraud and fraudulent misrepresentation; and (Count X) unjust enrichment. (*Id.* ¶¶ 322-447, 477-512, 537-79.)

12.     The Petition also asserts one cause of action exclusively against the Manufacturer Defendants (Count III) Louisiana Products Liability Act, (*id.* ¶¶ 448-76), and one cause of action exclusively against the Distributor Defendants: (Count VII) Louisiana Unfair Trade Practices and Consumer Protection Law. (*Id.* ¶¶ 513-36.)

## VENUE

13.     Venue is proper in this Court pursuant to 28 U.S.C. §§ 98, 1391, 1441(a), and 1446(a) because the Thirty-Fourth Judicial District Court for the Parish of St. Bernard, Louisiana, where the Petition was filed, is a state court within the Eastern District of Louisiana.

## JURISDICTION

14.     This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because (1) the amount in controversy exceeds $75,000, exclusive of interest and costs; (2) there is complete diversity of citizenship between Plaintiff and all properly joined defendants; and (3) all other requirements for removal have been satisfied.

## I.     THE AMOUNT IN CONTROVERSY EXCEEDS $75,000

15.     "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1337 (5th Cir. 1995).

16.     Plaintiff asserts that it has experienced "hundreds of millions of dollars of damage" due to the "reasonably foreseeable consequences" of the alleged actions of prescription opioid manufacturers. (*See* Pet. ¶ 90.) Plaintiff seeks compensatory damages, treble damages, civil penalties, punitive damages, exemplary damages, restitution, disgorgement of profits, attorneys' fees, costs, expenses, and pre- and post-judgment interests. (*Id*. ¶¶ 368, 536, 561, 572, 581.) It is clear that the alleged amount in controversy exceeds $75,000, exclusive of interest and costs.

## II.     THERE IS COMPLETE DIVERSITY OF CITIZENSHIP BETWEEN PLAINTIFF AND ALL DEFENDANTS OTHER THAN MORRIS & DICKSON

17.     There is complete diversity of citizenship here because Plaintiff is a Louisiana citizen and all Defendants other than Morris & Dickson are citizens of states or foreign states other than Louisiana, *see* Part II.A *infra*; and the citizenship of Morris & Dickson should be ignored for purposes of diversity jurisdiction, *see* Part II.B *infra*. This is because Morris & Dickson is fraudulently joined and, separately, because all of the Distributor Defendants (including Morris & Dickson) are subject to severance under Federal Rule of Civil Procedure 21 and the fraudulent *mis*joinder doctrine.

### A.     Plaintiff Is Diverse from All Defendants Other Than Morris & Dickson.

### 1.     Plaintiff Is a Citizen of Louisiana.

18.     "Plaintiff . . . is a political subdivision of the State of Louisiana," (Pet. ¶ 6), and therefore a citizen of Louisiana. *See Moor v. Alameda Cty.*, 411 U.S. 693, 717 (1973) ("[A] political subdivision of a State, unless it is simply 'the arm or alter ego of the State,' is a citizen of the State for diversity purposes."); *see also Terrebonne Parish School Bd. v. Mobil Oil Corp*., No. 89-1983, 1989 WL 140217, at *1 (E.D. La. Nov. 9, 1989) (citing *Morgan Dallas Corp. v. Orleans Parish School Bd*., 302 F.Supp. 1208, 1209 (E.D. La. 1969); *Dep't of Highways of Louisiana v.*

*Morse Bros. & Assoc., Inc*., 211 F.2d 140 (5th Cir. 1954)) ("Ordinarily, a Louisiana school board 'is considered a citizen separate from the state itself for purposes of diversity jurisdiction.'").

   **2.      No Defendant Other Than Morris & Dickson Is a Citizen of Louisiana.**

   19.      For purposes of diversity jurisdiction, a corporation is a citizen of every state where it is incorporated and every state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A partnership is a citizen of every state in which its partners are citizens. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). A limited liability company is a citizen of every state in which its members are citizens. *See Settlement Funding, L.L.C. v. Rapid Settlements, Ltd.*, 851 F.3d 530, 537 (5th Cir. 2017).

   20.      Defendant Allergan Limited f/k/a Allergan plc f/k/a Actavis plc is a Private Company Limited by Shares in Ireland with its principal place of business in Dublin, Ireland. (Pet. ¶ 16.)

   21.      Defendant Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc. is a Nevada limited liability company. (*See id*. ¶ 17.) Its sole member is Allergan W.C. Holding Inc. f/k/a Actavis W.C. Holding Inc., a Delaware corporation with its principal place of business in Madison, New Jersey.

   22.      Defendant Allergan Sales, LLC is a Delaware limited liability company. (*See id*. ¶ 18.) Allergan Sales, LLC's two members are Allergan Holdco US, Inc. and Allergan Holdings, Inc., which are both incorporated in the state of Delaware with principal places of business in Irvine, California.

   23.      Defendant Allergan USA, Inc. is a Delaware corporation with its principal place of business in Madison, New Jersey. (*Id.* ¶ 19.)

24.     Defendant Watson Laboratories, Inc. is a Nevada corporation with its principal place of business in Parsippany, New Jersey. (*See id.* ¶ 20.)

25.     Defendant Warner Chilcott Company, LLC is a Puerto Rico limited liability company. (*See id*. ¶ 21.) Warner Chilcott Company, LLC's sole member is Actavis LLC, a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*See id*. ¶ 27.) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id*. ¶ 20.)

26.     Defendant Actavis Pharma, Inc. f/k/a Watson Pharma, Inc. is a Delaware corporation with its principal place of business in New Jersey. (*Id.* ¶ 22.)

27.     Defendant Actavis South Atlantic LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*See id.* ¶ 23.) Actavis South Atlantic LLC's sole member is Actavis LLC, a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id*. ¶ 27.) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id*. ¶ 20.)

28.     Defendant Actavis Elizabeth LLC is a Delaware limited liability company with its principal place of business in Elizabeth, New Jersey. (*Id*. ¶ 24.) Actavis Elizabeth LLC's sole member is Actavis LLC, a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id*. ¶ 27.) Actavis LLC's sole member is Actavis US Holding LLC, a

limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id.* ¶ 20.)

29. Defendant Actavis Mid Atlantic LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.* ¶ 25.) Actavis Mid Atlantic LLC's sole member is Actavis LLC, a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.* ¶ 27.) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id.* ¶ 20.)

30. Defendant Actavis Totowa LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.* ¶ 26.) Actavis Totowa LLC's sole member is Actavis LLC, a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.* ¶ 27.) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id.* ¶ 20.)

31. Defendant Actavis LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id.* ¶ 27.) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id.* ¶ 20.)

32.     Defendant Actavis Kadian LLC is a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*See id*. ¶ 28.) Actavis Kadian LLC's sole member is Actavis LLC, a Delaware limited liability company with its principal place of business in Parsippany, New Jersey. (*Id*. ¶ 27.) Actavis LLC's sole member is Actavis US Holding LLC, a limited liability company organized under the laws of Delaware. Actavis US Holding LLC's sole member is Watson Laboratories, Inc., a corporation organized under the laws of Nevada with its principal place of business in Parsippany, New Jersey. (*See id*. ¶ 20.)

33.     Defendant Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City is a Delaware corporation with its principal place of business in Salt Lake City, Utah. (*See id*. ¶ 29.)

34.     Defendant Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida is a Florida corporation with its principal place of business in Davie, Florida. (*See id*. ¶ 30.)

35.     Defendant Teva Pharmaceuticals USA, Inc. is a Delaware corporation with its principal place of business in North Wales, Pennsylvania. (*Id*. ¶ 34.)

36.     Defendant Teva Pharmaceutical Industries Ltd. is an Israeli corporation with its principal place of business in Petah Tikva, Israel. (*See id*.)

37.     Defendant Cephalon, Inc. is a Delaware corporation with its principal place of business in Frazer, Pennsylvania. (*Id.* ¶ 35.)

38.     Defendant Johnson & Johnson is a New Jersey corporation with its principal place of business in New Brunswick, New Jersey. (*Id.* ¶ 37.)

39.     Defendant Janssen Pharmaceuticals, Inc. is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. (*Id.* ¶ 38.)

40.     Defendant Ortho-McNeil-Janssen Pharmaceuticals, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. (*Id.* ¶ 40.)

41.     Defendant Janssen Pharmaceutica, Inc., now known as Janssen Pharmaceuticals, Inc., is a Pennsylvania corporation with its principal place of business in Titusville, New Jersey. (*Id.* ¶ 41.)

42.     Defendant Noramco is a Delaware company with its principal place of business in Wilmington, Delaware. (*See id.* ¶ 39.)

43.     Defendant Endo Health Solutions Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. (*Id.* ¶ 44.)

44.     Defendant Endo Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in Malvern, Pennsylvania. (*Id.* ¶ 45.)

45.     Defendant Par Pharmaceutical, Inc. is a New York corporation with its principal place of business in Chestnut Ridge, New York. (*See id.* ¶ 46.)

46.     Defendant Par Pharmaceutical Companies, Inc. is a Delaware corporation with its principal place of business in Chestnut Ridge, New York. (*Id.*)

47.     Defendant Mylan Pharmaceuticals Inc. is a West Virginia corporation with its principal place of business in West Virginia. (*See id.* ¶ 48.)

48.     Defendant West-Ward Pharmaceutical Corp. n/k/a Hikma Pharmaceuticals USA Inc. is a Delaware corporation with its principal place of business in Eatontown, New Jersey. (*Id.* ¶ 50.)

49.     Defendant Indivior Inc. is a Delaware corporation with its principal place of business in Richmond, Virginia. (*Id.* ¶ 52.)

50.     Defendant Amneal Pharmaceuticals, Inc. is a Delaware corporation with its principal place of business in New Jersey. (*Id*. ¶ 55.)

51.     Defendant Amneal Pharmaceuticals LLC is a Delaware limited liability company with its principal place of business in New Jersey. (*Id*.) None of its members is a citizen of Louisiana.

52.     Defendant Impax Laboratories LLC f/k/a Impax Laboratories, Inc. is a Delaware limited liability company with its principal place of business in New Jersey. (*Id*.) None of its members is a citizen of Louisiana.

53.     Defendant Sandoz Inc. is a Delaware corporation with its principal place of business in Princeton, New Jersey. (*See id*. ¶ 57.)

54.     Defendant Novartis Pharmaceuticals Corp. is a Delaware corporation with its principal place of business in East Hanover, New Jersey. (*Id*.)

55.     Defendant Sun Pharmaceutical Industries, Inc. is a Delaware corporation with its principal place of business in Princeton, New Jersey. (*Id*. ¶ 60.)

56.     Defendant McKesson Corporation is a Delaware corporation with its principal place of business in Texas. (*See id*. ¶ 63.)

57.     Defendant Cardinal Health, Inc. is an Ohio corporation with its principal place of business in Dublin, Ohio. (*Id.* ¶ 64.)

58.     Defendant AmerisourceBergen Drug Corporation is a Delaware corporation with its principal place of business in Chesterbrook, Pennsylvania. (*Id.* ¶ 65.)

59.     Defendant CVS Health Corporation is a Delaware corporation with its principal place of business in Rhode Island. (*Id.* ¶ 67.)

60.     Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island. (*Id*. ¶ 68.)

61.     Defendant CVS TN Distribution, LLC f/k/a CVS TN Distribution, Inc. is a limited liability company. (*See id*. ¶ 69.) Its sole member is CVS Pharmacy, Inc. CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Woonsocket, Rhode Island. (*See id*. ¶ 68.)

62.     Defendant Walgreens Boots Alliance, Inc. is a Delaware corporation with its principal place of business in Illinois. (*Id*. ¶ 72.)

63.     Defendant Walgreen Co. is an Illinois Corporation with its principal place of business in Illinois. (*Id*.)

64.     Defendant Walmart Inc. f/k/a Wal-Mart Stores, Inc. is a Delaware corporation with its principal place of business in Arkansas. (*Id*. ¶ 75.)

65.     Defendant Associated Pharmacies, Inc. is an Alabama corporation with its principal place of business located in Scottsboro, Alabama. (*Id*.)

66.     Defendant Top RX LLC is a Delaware corporation with its principal place of business located in Bartlett, Tennessee. (*See id*.)

67.     Accordingly, all Defendants other than Morris & Dickson are citizens of a state or foreign state other than Louisiana.

**B.     The Citizenship of Morris & Dickson, the Lone Non-Diverse Defendant, Should Be Ignored.**

**1.     Morris & Dickson Is Fraudulently Joined.**

68.     Even where the face of a complaint shows a lack of complete diversity, removal based on diversity jurisdiction is nonetheless proper where the non-diverse defendant is fraudulently joined. The fraudulent joinder doctrine, known in this Circuit as the improper joinder

doctrine, permits a court to "ignore[] a lack of complete diversity where the plaintiff joins a nondiverse defendant to avoid federal jurisdiction." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 401 n.14 (5th Cir. 2013). A defendant is improperly joined where, applying the federal pleading standard, a plaintiff cannot state a claim against the in-state defendant. *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 208 (5th Cir. 2016). To pass muster under Fed. R. Civ. P. 12(b)(6), "'[f]actual allegations must be enough to raise a right to relief above the speculative level,' and the pleading must contain something more than a statement of facts which merely creates a suspicion of a legally cognizable right of action." *Schmidt v. Cal-Dive Int'l, Inc.*, 240 F. Supp. 532, 541 (W.D. La. 2017) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

69.     Here, there is no possibility that Plaintiff can establish a cause of action against Morris & Dickson because Plaintiff has not alleged that Morris & Dickson did anything unlawful. Of the Petition's 581 paragraphs, only four mention Morris & Dickson. (*See* Pet. ¶¶ 76-78, 83.) These paragraphs merely allege that Morris & Dickson is a pharmaceutical distributor who is a citizen of Louisiana.[1] (*Id.*) Nowhere, however, does Plaintiff allege any actual wrongdoing by Morris & Dickson that could give rise to a claim against it in connection with the issues in this litigation.

70.     Where, as here, a plaintiff fails to identify any specific wrongdoing by a non-diverse defendant, courts within this Circuit and other circuits have repeatedly held that the non-diverse defendant is fraudulently joined. *See, e.g.*, *McGoey v. State Farm Ins. Co.*, No. 06-8954, 2007 WL

---

[1] Plaintiff alleges in Paragraph 83 of the Petition that both "Morris & Dickson Co., LLC and Louisiana Wholesale Drug Co., Inc. are citizens of the State of Louisiana." Plaintiff has not named Louisiana Wholesale Drug. Co. as a defendant, however. To the extent that Plaintiff is suggesting that Louisiana Wholesale Drug Co., Inc. is a party to this suit, its citizenship should also be disregarded for the same reasons discussed herein with respect to Morris & Dickson.

1166352, at *3 (E.D. La. Apr. 17, 2007) (finding fraudulent joinder where the complaint did "not allege any specific wrongdoing by" the non-diverse defendant); *City of Brownsville v. Sw. Bell Tel. Co.*, No. CIV. A. B-90-200, 1991 WL 107403, at *3 (S.D. Tex. June 6, 1991) (finding fraudulent joinder where "only two paragraphs of the complaint even mention" the non-diverse defendant and there is "no allegation of wrongdoing").[2]

71.     Nor can Plaintiff rely on the Petition's undifferentiated, generalized allegations purporting to describe conduct of certain undefined "Defendants," as these allegations are not attributable to Morris & Dickson. "[G]eneric allegations of wrongdoing on the part of the non-diverse defendant are not sufficient to show that the defendant was not fraudulently joined." *Howard v. CitiFinancial, Inc.*, 195 F. Supp. 2d 811, 818 (S.D. Miss. 2002), *aff'd and remanded sub nom. Ross v. Citifinancial, Inc*., 344 F.3d 458 (5th Cir. 2003); *see also Shah v. Wyeth Pharm., Inc.*, No. CV 04-8652, 2005 WL 6731641, at *3 (C.D. Cal. Jan. 18, 2005) ("[A]llegations against 'defendants' collectively are insufficient to warrant remand, especially when Plaintiffs fail to allege any particular or specific activity on the part of each of the non-diverse defendants."). Moreover, "[a]lthough [Plaintiff's] complaint commonly employs the generic term 'defendants,'

---

[2] *See also Galler v. 21st Mortg. Corp.*, No. 3:14cv174-MCR/EMT, 2014 WL 12701066, at *2 (N.D. Fla. Sept. 3, 2014) (finding fraudulent joinder where the complaint "includes no allegations of fact at all regarding" the non-diverse defendant); *Lewis v. PNC Bank, N.A.*, No. 2:13-CV-69-RWS, 2013 WL 6817090, at *2 (N.D. Ga. Dec. 26, 2013) (finding fraudulent joinder where "[p]laintiff does not allege how [the non-diverse defendant] specifically committed any wrongdoing against him."); *Baker v. Select Portfolio Servicing, Inc.*, No. 1:12-cv-03493-JEC, 2013 WL 4806907, at *6 (N.D. Ga. Sept. 9, 2013) (finding fraudulent joinder where "plaintiff has not provided any specific factual basis for the claims" against the non-diverse defendants); *Jones v. Mortg. Elec. Registration Sys., Inc.*, No. 4:12-CV-00035-HLM, 2012 WL 13028595, at *5 (N.D. Ga. Mar. 12, 2012) (finding fraudulent joinder where "[p]laintiffs do not allege any wrongdoing by" the non-diverse defendant); *Cammack New Liberty, LLC v. Vizterra, LLC*, No. CIV.A. 3:09-15-DCR, 2009 WL 2043568, at *3 (E.D. Ky. July 13, 2009) (finding fraudulent joinder where the complaint did "not allege wrongdoing on the part of" the non-diverse defendant); *First Merchs. Tr. Co. v. Wal-Mart Stores E., LP*, 630 F. Supp. 2d 964, 968 (S.D. Ind. 2008) (finding fraudulent joinder where the complaint made "no allegations of wrongdoing or of any other basis for obtaining relief from" the non-diverse defendant).

the context and nature of the individual allegations make clear that only the [diverse defendants] are targeted." *Salisbury v. Purdue Pharma, L.P.*, 166 F. Supp. 2d 546, 550 (E.D. Ky. 2001).[3] For example, where the Petition generally proclaims that "[t]he Distributor Defendants breached their duty under Louisiana law to monitor, detect, investigate, refuse and report excessive or unusual orders of prescription opiates," (Pet. ¶ 218), the immediately following paragraphs describe the alleged conduct of Distributor Defendants McKesson Corporation and Cardinal Health, Inc. exclusively, with no mention of Morris & Dickson. (See *id.* ¶¶ 229, 232-33, 310-11, 325, 411.) Plaintiff repeats that model—a generic allegation against "Defendants" or "Distributor Defendants" substantiated by specific allegations against only diverse Defendants—throughout the Petition.

72.     Because there are no allegations of specific wrongdoing against Morris & Dickson, and the bulk allegations against "Defendants" are not attributable to the conduct of Morris & Dickson, there is no possibility that Plaintiff can establish a cause of action against Morris & Dickson. It is fraudulently joined, and its citizenship is ignored for purposes of diversity jurisdiction.

## 2.     The Distributor Defendants (Including Morris & Dickson) Should Be Severed Under Rule 21.

73.     Beyond fraudulent joinder of Morris & Dickson, the citizenship of all the Distributor Defendants (including Morris & Dickson) should be ignored because the claims against them are subject to severance under Federal Rule of Civil Procedure 21. Defendants are severable

---

[3] *See also In re Diet Drugs (Phentermine, Fenfluramine, Dexfenfluramine) Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 424 (E.D. Pa. 2002) ("[T]he complaints . . . are devoid of specific allegations against the pharmacies. They are filled instead with general statements levied against all defendants, which most properly can be read as stating claims against the drug manufacturers."); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, No. CO2-423R, 2002 WL 34418423, at *2 (W.D. Wash. Nov. 27, 2002) ("[T]he complaint utilizes the plural 'defendants' in a number of allegations that one could not reasonably interpret to include [the non-diverse defendant].").

under Rule 21 if they are either unnecessary or dispensable under Rule 19, or if the claims against them are sufficiently distinct from claims against other defendants under Rule 20. Here, the Distributor Defendants should be severed on both grounds—each of which preserves diversity jurisdiction as to the Manufacturer Defendants.[4]

74.     "Federal Rule of Civil Procedure 21 empowers a district court to drop a nondiverse party whose presence is not essential to the suit to preserve and perfect diversity jurisdiction." *Beta Tech., Inc. v. State Indus. Prods. Corp*., No. 06-735-SCR, 2008 WL 2782874, at \*2 (M.D. La. July 15, 2008); *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 832 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time"). As courts within this Circuit have held, Rule 21 permits severance of dispensable nondiverse parties in cases removed to federal court—regardless of whether those nondiverse parties are misjoined under Rule 20—to perfect diversity and deny remand as to diverse litigants. *E.g.*, *Birdwell v. XTO Energy, Inc*., No. 09-1564, 2010 WL 517909, at \*2 (W.D. La. Feb. 10, 2010) (denying remand as to diverse defendants and severing dispensable nondiverse parties; explaining that Rule 21 authorizes a court to "'drop' a party on any terms that are just," and this principle is "not limited . . . to cases of misjoinder" and applies whenever the nondiverse parties "are dispensable").[5]

---

[4] As noted above, Plaintiff has not alleged any specific wrongdoing by Morris & Dickson and has attempted to mask this dispositive pleading deficiency by grouping Morris & Dickson together with McKesson Corporation, Cardinal Health, Inc., AmerisourceBergen Drug Corporation, and other diverse Distributor Defendants. Because Plaintiff attempts to lump its allegations against Morris & Dickson (which is not alleged to have committed any wrongdoing) together with its allegations against other Distributor Defendants (which are alleged to have committed wrongdoing), the Rule 21 severance and fraudulent misjoinder arguments set forth herein would apply equally to all Distributor Defendants. But because Morris & Dickson is the only non-diverse Defendant here, the Court need only address the presence of Morris & Dickson to find jurisdiction.

[5] *See also Anderson v. Moorer*, 372 F.2d 747, 750 n.4 (5th Cir. 1967) (dropping nondiverse defendants named in the original complaint); *Brown v. Tex. & Pac. R.R*., 392 F. Supp. 1120, 1123 (W.D.

75.     *Joseph v. Baxter International, Inc*., 614 F. Supp. 2d 868 (N.D. Ohio 2009), is particularly instructive. There, the plaintiffs, citizens of Louisiana, brought a products liability action against the out-of-state manufacturer of the drug Heparin. *Id*. at 870. Before the case was removed, the plaintiffs amended their complaint to add as defendants various non-diverse healthcare provider companies, alleging that they engaged in "negligent acts and omissions in the administration of Heparin." *Id*. at 871. Despite the addition of these non-diverse healthcare provider defendants, the district court denied remand as to the diverse manufacturer defendant.

76.     The court reasoned that the healthcare provider defendants were "not necessary parties as the resolution of a claim against them would not necessarily resolve the [plaintiffs'] claim against [the manufacturer]"; the medical malpractice claims against the healthcare providers "differ from the [plaintiffs'] products liability claim" against the manufacturer. *Id*. at 872. And, the court explained, the healthcare provider defendants were dispensable because the plaintiffs "retain an adequate remedy against the Healthcare Defendants as they can proceed with their claims in state court." *Id*. at 873. Given the separate factual basis for plaintiffs' medical malpractice claims against the healthcare providers, the court found that it could "sever them from the claims against [the manufacturer], and in doing so, perfect diversity jurisdiction over [the manufacturer]." *Id*. at 874.

77.     Numerous other courts have followed the same approach. *See, e.g., Sullivan v. Calvert Mem'l Hosp*., 117 F. Supp. 3d 702, 705-07 (D. Md. 2015); *Mayfield v. London Women's Care, PLLC*, No. 15-19-DLB, 2015 WL 3440492, at *5 (E.D. Ky. May 28, 2015); *McElroy v. Hamilton Cty. Bd. of Educ*., No. 1:12-cv-297, 2012 WL 12871469, at *2-3 (E.D. Tenn. Dec. 20,

---

La. 1975) ("A federal district court has the power to preserve and perfect its diversity jurisdiction over a case by dropping a nondiverse party providing the nondiverse party is not an indispensable party.").

2012); *Cooke-Bates v. Bayer Corp.*, No. 3:10-cv-261, 2010 WL 3984830, at *4 (E.D. Va. Oct. 8, 2010).

78.     Under a straightforward application of Rule 21, this Court should sever the Distributor Defendants as unnecessary and dispensable parties to perfect diversity jurisdiction. Alleged joint tortfeasors like the Distributor Defendants are unnecessary parties as a matter of settled law. *See Temple v. Synthes Corp.*, 498 U.S. 5, 7-8 (1990) (holding that joint tortfeasors are not necessary parties under Rule 19); *McCain v. Clearview Dodge Sales, Inc.*, 574 F.2d 848, 850 (5th Cir. 1978).

79.     Moreover, just like *Baxter* (and many other cases) in which the plaintiff's claims against the diverse defendants and non-diverse defendants were materially distinct, here Plaintiff's claims against the Manufacturer Defendants are materially distinct from those against the Distributor Defendants. Specifically, Plaintiff alleges that the Manufacturer Defendants misrepresented the risks and benefits of FDA-approved prescription opioid medications in marketing and promoting the medications. (Pet. ¶¶ 1-4, 15-61, 101-86.) By contrast, Plaintiff's allegations against the Distributor Defendants do not relate to marketing or promotion of opioid medications. Instead, Plaintiff alleges that the Distributor Defendants negligently distributed opioid products. (*Id.* ¶¶ 5, 62-78, 187-237.) There is no material overlap between the factual allegations against the Manufacturer Defendants, on the one hand, and the Distributor Defendants, on the other, that would make the Distributor Defendants necessary or indispensable parties under Rule 19. Just like the non-diverse healthcare providers in *Baxter*, the Distributor Defendants here are "not necessary parties as the resolution of a claim against them would not necessarily resolve the . . . claim[s] against" the Manufacturer Defendants. 614 F. Supp. 2d at 872.

80.     Beyond Rule 19, the claims against the Distributor Defendants are also misjoined under Rule 20, which provides a distinct basis for severance. Rule 21 permits severance of claims against non-diverse defendants that do not "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences" as the claims against other defendants. Fed. R. Civ. P. 20(a)(1)(A); *see Loeffelbein v. Milberg Weiss Bershad Hynes & Lerach, LLP*, No. Civ.A. 02-2435-CM, 2003 WL 21313957, at *5 (D. Kan. May 23, 2003) (citation omitted) ("Rule 21 is a mechanism for correcting . . . the misjoinder . . . of parties or claims" which "arises when the claims and parties fail to satisfy any of the conditions of permissive joinder under Rule 20(a)."). This Court and others have repeatedly denied remand as to diverse defendants and severed claims against non-diverse defendants where the claims against the non-diverse defendants arose from different transactions or occurrences.[6] Because of the distinct factual underpinnings of the claims against the different sets of defendants here, these claims cannot properly be joined together.

81.     Severance is particularly appropriate here because it will enable the diverse parties to benefit from the significant efficiencies stemming from participation in coordinated MDL proceedings in the Northern District of Ohio. Courts across the country have repeatedly recognized the importance of these efficiencies in severing non-diverse defendants to perfect diversity jurisdiction. *E.g., Sullivan*, 117 F. Supp. 3d at 707 ("Severance is particularly appropriate in this case because it would allow for the transfer of [plaintiff's] claims against the [diverse manufacturer] to Multi-District Litigation."); *Sutton*, 251 F.R.D. at 505 ("Plaintiffs' claims against

---

[6] *See, e.g., Westley v. Progressive Specialty Ins. Co.*, No. 14-1410, 2014 WL 4489620, at *6-7 (E.D. La. Sept. 10, 2014); *Anderson v. State Farm Mut. Auto. Ins.* Co., No. 4:08CV345-RH/WCS, 2008 WL 11366408, at *3 (N.D. Fla. Nov. 10, 2008); *Loeffelbein*, 2003 WL 21313957, at *6; *Sutton v. Davol, Inc.*, 251 F.R.D. 500, 502-05 (E.D. Cal. 2008); *Greene v. Wyeth*, 344 F. Supp. 2d 674, 683-84 (D. Nev. 2004); *DirecTV, Inc. v. Beecher*, 296 F. Supp. 2d 937, 945 (S.D. Ind. 2003); *Randleel v. Pizza Hut of Am., Inc.*, 182 F.R.D. 542, 543 (N.D. Ill. 1998).

the [non-diverse] Defendants are severed and remanded pursuant to Rule 21 . . . so as to preserve

the removing Defendants' right to removal in the remaining multidistrict action and preserve the

interests of judicial expediency and justice so that all pre-trial discovery on the products liability

case can be coordinated in a single forum."); *Baxter*, 614 F. Supp. 2d at 873 ("[P]laintiffs will

benefit from the MDL process: they will not bear the burden of having to engage on their own,

and at their sole expense, in discovery vis-à-vis [the diverse manufacturer]."); *Mayfield*, 2015 WL

3440492, at *5 ("[I]f the surviving federal claims are transferred to the Ethicon MDL, the prospect

of dual litigation has undeniable upside."). At least eighty-eight Louisiana cases with similar

allegations have been transferred to the MDL.[7] Further, other School Board cases alleging similar

---

[7] *See, e.g.*, *In re Nat'l Prescription Opiate Litig.*, CTO-1, ECF No. 368 (J.P.M.L. Dec. 14, 2017)
(transferring *Anderson v. Purdue Pharma L.P. et al.*, 17-01567 (W.D. La.)); CTO-2, ECF No. 401 (J.P.M.L.
Dec. 19, 2017) (transferring *Hilton v. Purdue Pharma L.P. et al.*, 1:17-01586 (W.D. La.); *Mancuso v. Purdue
Pharma L.P. et al.*, 2:17-01585 (W.D. La.); *Garber v. Purdue Pharma L.P. et al.*, 6:17-01585 (W.D. La.));
CTO-4, ECF No. 546 (J.P.M.L. Jan. 17, 2018) (transferring *Seal v. Purdue Pharma L.P. et al.*, 2:17-17722
(E.D. La.); *Bossier Parish v. AmerisourceBergen Drug Corp. et al.*, 3:17-01815 (M.D. La.)); CTO-5, ECF
No. 601 (J.P.M.L. Jan. 24, 2018) (transferring *Woods v. Purdue Pharma L.P. et al.*, 2:18-00002 (W.D. La.));
CTO-6, ECF No. 654 (J.P.M.L. Feb. 1, 2018) (transferring *Craft v. Purdue Pharma L.P. et al.*, 2:18-00053
(W.D. La.); *Hebert v. Purdue Pharma L.P. et al.*, 2:18-00055 (W.D. La.); *Richardson v. Purdue Pharma L.P.
et al.*, 5:18-00054 (W.D. La.)); CTO-7, ECF No. 668 (J.P.M.L. Feb. 6, 2018) (transferring *Russell v. Purdue
Pharma L.P. et al.*, 3:18-00094 (W.D. La.); *City of Baton Rouge v. AmerisourceBergen Drug Corp. et al.*,
3:18-00047 (M.D. La.)); CTO-9, ECF No. 753 (J.P.M.L. Feb. 15, 2018) (transferring *Soileau v. Purdue
Pharma L.P. et al.*, 6:18-00125 (W.D. La.)); CTO-15, ECF No. 962 (J.P.M.L. Mar. 12, 2018) (transferring
*Williams v. Purdue Pharma L.P. et al.*, 3:18-00262 (W.D. La.); *Philley v. Purdue Pharma L.P. et al.*, 3:18-
00264 (W.D. La.)); CTO-17, ECF No. 1053 (J.P.M.L. Mar. 20, 2018) (transferring *Gautreaux v. Purdue
Pharma L.P. et al.*, 18-00286 (M.D. La.)); CTO-22, ECF No. 1231 (J.P.M.L. Apr. 18, 2018) (transferring *St.
Tammany Parish Coroner's Office v. Purdue Pharma L.P. et al.*, 2:18-03457 (E.D. La.)); CTO-27, ECF No.
1557 (J.P.M.L. May 22, 2018) (lifting stay and transferring *Roach v. Purdue Pharma L.P. et al.*, 2:18-cv-
04165 (E.D. La.)); CTO-32, ECF No. 1653 (J.P.M.L. May 29, 2018) (transferring *Covington City v. Purdue
Pharma L.P. et al.*, 2:18-084789 (E.D. La.)); CTO-33, ECF No. 1683 (J.P.M.L. May 30, 2018) (transferring
*Gusman v. Purdue Pharma L.P. et al.*, 2:18-04828 (E.D. La.)); CTO-37, ECF No. 1771 (J.P.M.L. Jun. 12,
2018) (transferring *St. Martin Parish v. AmerisourceBergen Drug Corp. et al.*, 3:18-00569 (M.D. La.)); CTO-
39, ECF No. 1838 (J.P.M.L. Jun. 20, 2018) (transferring *Odyssey House La., Inc. v. Morris & Dickson Co.
LLC et al.*, 2:18-05620 (E.D. La.)); CTO-44, ECF No. 2058 (J.P.M.L. Jul. 19, 2018) (transferring *Jefferson
Parish et al. v. AmerisourceBergen Drug Corp. et al.*, 2:1806343 (E.D. La.); *Wiley v. Purdue Pharma L.P. et
al.*, 3:18-00658 (M.D. La.)); CTO-45, ECF No. 2101 (J.P.M.L. Jul. 24, 2018) (transferring *Risk Mgmt., Inc.
v. Purdue Pharma L.P. et al.*, 3:18-00670 (M.D. La.); *Tubbs v. Purdue Pharma L.P. et al.*, 3:18-00846 (W.D.
La.)); CTO-48, ECF No. 2201 (J.P.M.L. Aug. 13, 2018) (transferring *St. John the Baptist Parish v.
AmerisourceBergen Drug Corp. et al.*, 2:18-07070 (E.D. La.)); CTO-49, ECF No. 2227 (J.P.M.L. Aug. 17,
2018) (transferring *New Orleans Mission, Inc. v. McKesson Corp. et al.*, 2:18-07353 (E.D. La.); *Webster*

*Parish v. AmerisourceBergen Drug Corp. et al.*, 3:18-00720 (M.D. La.)); CTO-50, ECF No. 2243 (J.P.M.L. Aug. 22, 2018) (transferring *Tunica-Biloxi Tribe of La. v. Purdue Pharma L.P. et al.*, 1:18-01008 (W.D. La.)); CTO-51, ECF No. 2508 (J.P.M.L. Sep. 14, 2018) (lifting stay and transferring *City of Shreveport v. Purdue Pharma L.P. et al.*, 5:18-01021 (W.D. La.)); CTO-52, ECF No. 2415 (J.P.M.L. Sep. 5, 2018) (transferring *Bridge House Corp. v. Purdue Pharma L.P. et al.*, 2:18-07821 (E.D. La.)); CTO-53, ECF No. 2499 (J.P.M.L. Sep. 12, 2018) (transferring *Madisonville Town v. Purdue Pharma L.P. et. al.*, 2:18-07974 (E.D. La.)); CTO-55, ECF No. 2563 (J.P.M.L. Sep. 24, 2018) (transferring *Bossier City v. AmerisourceBergen Drug Corp. et al.*, 3:18-00817 (M.D. La.); *St. James Parish v. AmerisourceBergen Drug Corp. et al.*, 3:18-00818 (M.D. La.); *Beauregard Parish Police Jury v. AmerisourceBergen Drug Corp. et al.*, 3:18-00819 (M.D. La.)); CTO-57, ECF No. 2878 (J.P.M.L. Oct. 22, 2018) (lifting stay and transferring *St. Tammany Parish Govt. v. Purdue Pharma L.P. et al.*, 2:18-08687 (E.D. La.)); CTO-59, ECF No. 2836 (J.P.M.L. Oct. 18, 2018) (transferring Je*fferson Davis Parish Policy Jury v. AmerisourceBergen Drug Corp. et al*., 3:18-00879 (M.D. La.); *Lasalle Parish v. AmerisourceBergen Drug Corp. et al*., 3:18-00880 (M.D. La.)); CTO-60, ECF No. 2877 (J.P.M.L. Oct. 23, 2018) (transferring *Claiborne Parish v. AmerisourceBergen Drug Corp. et al.*, 3:1800872 (M.D. La.)); CTO-61, ECF No. 2916 (J.P.M.L. Oct. 25, 2018) (transferring *Orleans Parish Hosp. Serv. Dist. A v. Purdue Pharma L.P. et al.*, 2:18-09383 (E.D. La.); *Union Parish v. AmerisourceBergen Drug Corp. et al.*, 3:1800890 (M.D. La.)); CTO-62, ECF No. 2938 (J.P.M.L. Nov. 1, 2018) (transferring *Concordia Parish v. AmerisourceBergen Drug Corp. et al*., 3:18-00914 (M.D. La.); *Franklin Parish v. AmerisourceBergen Drug Corp. et al.*, 3:18-00915 (M.D. La.)); CTO-63, ECF No. 2953 (J.P.M.L. Oct. 29, 2018) (transferring *Town of Berwick v. AmerisourceBergen Drug Corp. et al*., 3:18-00927 (M.D. La.); *Caldwell Parish v. AmerisourceBergen Drug Corp. et al*., 3:18-00929 (M.D. La.)); CTO-64, ECF No. 3006 (J.P.M.L. Oct. 29, 2018) (transferring *Caddo Parish v. AmerisourceBergen Drug Corp. et al.*, 3:18-00936 (M.D. La.); *St. Mary Parish v. AmerisourceBergen Drug Corp. et al*., 3:18-00938 (M.D. La.); *Town of Baldwin v. AmerisourceBergen Drug Corp. et al*., 3:18-00939 (M.D. La.); *Iberia Parish v. AmerisourceBergen Drug Corp. et al.*, 3:18-00940 (M.D. La.); *Morgan City v. AmerisourceBergen Drug Corp. et al.*, 3:18-00942 (M.D. La.); *Catahoula Parish Police Jury v. AmerisourceBergen Drug Corp. et al*., 3:1800943 (M.D. La.); *City of Franklin v. AmerisourceBergen Drug Corp. et al*., 3:18-00944 (M.D. La.); *City of Patterson v. AmerisourceBergen Drug Corp. et al*., 3:18-00946 (M.D. La.); *Red River Parish v. AmerisourceBergen Drug Corp. et al*., 3:18-00949 (M.D. La.); *Louisiana Assessors Ins. Fund v. AmerisourceBergen Drug Corp. et al*., 3:18-00950 (M.D. La.); *Richland Parish v. AmerisourceBergen Drug Corp. et al.*, 3:18-00952 (M.D. La.); *A-MMED Ambulance, Inc. v. AmerisourceBergen Drug Corp. et al.*, 3:18-00953 (M.D. La.); *City of New Iberia v. AmerisourceBergen Drug Corp. et al*., 3:18-00954 (M.D. La.); *Scott Anslum v. AmerisourceBergen Drug Corp. et al.*, 3:18-00955 (M.D. La.); *St. Mary Parish School Bd. v. AmerisourceBergen Drug Corp. et al.*, 3:1800957 (M.D. La.); *Vermillion Parish Police Jury v. AmerisourceBergen Drug Corp. et al.*, 3:18-00958 (M.D. La.)); CTO-65, ECF No. 3019 (J.P.M.L. Nov. 14, 2018) (transferring *Lopinto v. AmerisourceBergen Drug Corp. et al*., 2:18-10021 (E.D. La.)); CTO-66, ECF No. 3059 (J.P.M.L. Nov. 19, 2018) (transferring *N. Caddo Hosp. Serv. Dist. v. AmerisourceBergen Drug Corp. et al*., 3:18-00959 (M.D. La.); *Iberia Parish School Bd. v. AmerisourceBergen Drug Corp. et al.*, 3:1800960 (M.D. La.); *St. Tammany Parish Fire Protection Dist. No. 2 v. AmerisourceBergen Drug Corp. et al*., 3:1800962 (M.D. La.); *St. Tammany Fire Protection Dist. No. 5 v. AmerisourceBergen Drug Corp. et al*., 3:18-00963 (M.D. La.); *St. Tammany Fire Protection Dist. No. 13 v. AmerisourceBergen Drug Corp. et al*., 3:18-00964 (M.D. La.); *St. Tammany Fire Protection Dist. No. 12 et al. v. AmerisourceBergen Drug Corp. et al*., 3:18-00965 (M.D. La.); *St. Tammany Fire Protection Dist. No. 3 v. AmerisourceBergen Drug Corp. et al*., 3:1800966 (M.D. La.); *West Baton Rouge Fire Protection Dist. No. 1 v. AmerisourceBergen Drug Corp. et al*., 3:1800967 (M.D. La.); *St. Tammany Fire Protection Dist. No. 1 v. AmerisourceBergen Drug Corp. et al*., 3:18-00968 (M.D. La.); *St. Tammany Fire Protection Dist. No. 4 v. AmerisourceBergen Drug Corp. et al*., 3:18-00969 (M.D. La.); *Benton Fire Protection District No. 4 v. AmerisourceBergen Drug Corp. et al*., 3:18-00970 (M.D. La.); *Bossier Parish Emergency Med. Serv. Ambulance Dist. v. AmerisourceBergen Drug Corp. et al*., 3:18-00971 (M.D. La.); *Desoto Fire Protection Dist. No. 8 v. AmerisourceBergen Drug Corp. et al*., 3:18-00972 (M.D. La.); *Jackson Parish Police Jury v.*

claims are properly in the federal courts. *E.g.*, *In re Nat'l Prescription Opiate Litig.*, CTO-64, ECF

No. 3006 (J.P.M.L. Nov. 13, 2018) (transferring *St. Mary Parish School Bd. v. AmerisourceBergen*

*Drug Corp. et al.*, No. 3:18-cv-00957 (M.D. La.)).

      82.    As one court explained in materially identical circumstances:

> The Court's decision to sever . . . [the non-diverse healthcare provider] will not greatly prejudice [plaintiff], but failure to do so could subject [the diverse manufacturer defendant] to considerable prejudice. [Plaintiff] will be forced to pursue two separate suits, but it will not alone bear the administrative and financial burdens of pursuing its claims against [the manufacturer] in the MDL proceedings. For its part, [the manufacturer] could be exposed to numerous related suits if courts considering suits similar to this one refused to sever claims against [the manufacturer] from those against the providers that prescribed [the drug].

> *Cooke-Bates*, 2010 WL 3984830, at *4 (internal citations omitted).

      83.    That Plaintiff asserts causes of action against "all Defendants" changes nothing.

Severance is appropriate because the *factual* basis for Plaintiff's claims against the Manufacturer

Defendants (alleged misrepresentations in marketing and promoting opioid medications) is

separate and distinct from the factual basis for Plaintiff's claims against the Distributor Defendants

(alleged failure to prevent or reduce the distribution of opioid products or to report suspicious

orders). *See Loeffelbein*, 2003 WL 21313957, at *6 ("While plaintiffs do not distinguish between

each of the defendants in the individual counts of the petition, the counts clearly arise from two

---

*AmerisourceBergen Drug Corp. et al.*, 3:18-00973 (M.D. La.); *Red River Fire Protection Dist. v. AmerisourceBergen Drug Corp. et al.*, 3:18-00974 (M.D. La.); *Caddo Fire Protection Dist. No. 1 v. AmerisourceBergen Drug Corp. et al.*, 3:18-00975 (M.D. La.)); CTO-74, ECF No. 3455 (J.P.M.L. Jan. 15, 2019) (transferring *Gilley v. Purdue Pharma L.P. et al.*, 3:18-01604 (W.D. La.)); CTO-77, ECF No. 3676 (J.P.M.L. Feb. 4, 2019) (transferring *Gretna City v. Purdue Pharma L.P. et al.*, 2:19-00329 (E.D. La.); *Westwego City v. Purdue Pharma, L.P. et al.*, 2:19-00366 (E.D. La.); *Jean Lafitte Town v. Purdue Pharma L.P. et al.*, 2:1900374 (E.D. La.)); CTO-80, ECF No. 3794 (J.P.M.L. Feb. 21, 2019) (transferring *Golden et al. v. Purdue Pharma L.P. et al.*, 2:19-01048 (E.D. La.); *Kenner City v. Amerisourcebergen Drug Corp. et al.*, 2:19-01174 (E.D. La.); *Parish of DeSoto v. Purdue Pharma L.P. et al.*, 5:19-00153 (W.D. La.)); CTO-82, ECF No. 3921 (J.P.M.L. Mar. 8, 2019) (transferring *Newman et al. v. Purdue Pharma LP et al.*, 2:19-01594 (E.D. La.)); CTO-83, ECF No. 3932 (J.P.M.L. Mar. 14, 2019) (transferring *Iberville Parish Council v. Purdue Pharma, L.P. et al.*, 3:19-00121 (M.D. La.)).

different sets of facts."); *Nelson v. Aim Advisors, Inc.*, No. 01-CV-0282-MJR, 2002 WL 442189, at *3 (S.D. Ill. Mar. 8, 2002) ("Although Plaintiffs' claims against all Defendants are pled under the same legal theory, it is only in this abstract sense that Plaintiffs' claims share anything in common . . . [and] does not mean that there are common issues of law and fact sufficient to satisfy Rule 20(a)."). And, as in *Baxter*, if Plaintiff wants to pursue claims against the Distributor Defendants, Plaintiff has an "adequate remedy . . . in state court." 614 F. Supp. 2d at 873.

### 3. The Distributor Defendants (Including Morris & Dickson) Are Fraudulently Misjoined.

84.     As an alternative to severance under Rule 21, the citizenship of the Distributor Defendants (including Morris & Dickson) should be ignored for purposes of diversity jurisdiction under the fraudulent misjoinder doctrine. Fraudulent *mis*joinder, also called procedural misjoinder, is different than the fraudulent (or improper) *joinder* doctrine discussed above. Fraudulent misjoinder "refers to the joining of claims into one suit in order to defeat diversity jurisdiction where in reality there is no sufficient factual nexus among the claims to satisfy the permissive joinder standard." *Reed v. Am. Med. Sec. Grp., Inc.*, 324 F. Supp. 2d 798, 803 n.8 (S.D. Miss. 2004) (citation and internal quotation marks omitted); *see also Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000).

85.     As the Fifth Circuit has held, if the requirements for permissive joinder under Rule 20 are not satisfied, "joinder is improper even if there is no fraud in the pleadings and the plaintiff does have the ability to recover against each of the defendants." *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 533 (5th Cir. 2006) (citing *Tapscott*, 77 F.3d at 1360); *see also In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002) (citing *Tapscott*, 77 F.3d at 1360) ("[I]t might be concluded that misjoinder of plaintiffs should not be allowed to defeat diversity jurisdiction.").

Based on this precedent, "most district courts within [the Fifth] Circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted," the fraudulent misjoinder doctrine. *Palermo v. Letourneau Techs., Inc.*, 542 F. Supp. 2d 499, 515 (S.D. Miss. 2008) (collecting cases).

86.     In opioid-related cases like this one, federal district courts have relied on the fraudulent misjoinder doctrine to ignore the citizenship of non-diverse defendants and deny remand based on diversity jurisdiction. *See Cty. Comm'n of McDowell Cty. v. McKesson Corp.*, 263 F. Supp. 3d 639, 647 (S.D. W. Va. 2017); *City of Huntington v. AmerisourceBergen Drug Corp.*, Civ. A. No. 3:17-01362, 2017 WL 3317300, at *4-5 (S.D. W. Va. Aug. 3, 2017); *but see Brooke County Comm'n et al. v. Purdue Pharma L.P. et al.*, No. 5:18-cv-00009 (N.D. W. Va.), Dkt. 23.

87.     Even if the Court finds that the Distributor Defendants are not subject to severance under Rule 21, it should find the claims against them misjoined under the fraudulent misjoinder doctrine.

88.     In sum, because Plaintiff is a Louisiana citizen, and because none of the properly joined Defendants is a Louisiana citizen, there is complete diversity of citizenship. *See* 28 U.S.C. § 1332(a).

## III.     ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

### A.     This Notice of Removal Is Timely.

89.     This Notice of Removal is timely filed. Johnson & Johnson and Janssen Pharmaceuticals, Inc. have not been properly served with the Petition as of the filing of this Notice. Thus, removal is timely. *See* 28 U.S.C. § 1446(b)(1).

### B.     All Properly Joined Defendants Consent to Removal.

90.     The properly joined Defendants maintain that they have not been properly served, and thus their consent to removal is not required: Sandoz Inc.; Novartis Pharmaceuticals Corp.;[8] Watson Laboratories, Inc.; Warner Chilcott Company, LLC; Actavis Pharma, Inc. f/k/a Watson Pharma, Inc.; Actavis South Atlantic LLC; Actavis Elizabeth LLC; Actavis Mid Atlantic LLC; Actavis Totowa LLC; Actavis LLC; Actavis Kadian LLC; Actavis Laboratories UT, Inc. f/k/a Watson Laboratories, Inc.-Salt Lake City; Actavis Laboratories FL, Inc. f/k/a Watson Laboratories, Inc.-Florida; Teva Pharmaceuticals USA, Inc.; Cephalon, Inc.; Teva Pharmaceutical Industries Ltd.; West-Wart Pharmaceuticals Corp. n/k/a Hikma Pharmaceuticals USA Inc.; Mylan Pharmaceuticals Inc.; Indivior Inc.; Allergan Finance, LLC f/k/a Actavis, Inc. f/k/a Watson Pharmaceuticals, Inc.; Allergan Sales, LLC; Allergan USA, Inc.; Allergan Limited f/k/a Allergan plc f/k/a Actavis plc.; Sun Pharmaceutical Industries, Inc.; Endo Health Solutions Inc.; Endo Pharmaceuticals Inc.; Par Pharmaceutical, Inc.; Par Pharmaceutical Companies, Inc. f/k/a Par Pharmaceutical Holdings, Inc.; Amneal Pharmaceuticals, Inc.; Amneal Pharmaceuticals LLC; Impax Laboratories LLC f/k/a Impax Laboratories, Inc.; and Noramco, Inc.[9] Nevertheless, out of an abundance of caution, they consent to removal. The Defendants listed in this paragraph expressly reserve, and do not waive, all defenses regarding service of process and personal jurisdiction.

91.     The Distributor Defendants, including Morris & Dickson, are not properly joined in this action, and thus their consent to removal is not required. *See Mayfield*, 2015 WL 3440492,

---

[8] Novartis Pharmaceuticals Corp. is not a proper or necessary defendant in this action because it is not Sandoz Inc.'s direct or indirect parent and has no connection or involvement with Sandoz Inc.'s manufacture, distribution, or sale of opioid products.

[9] Teva Pharmaceutical Industries Ltd. and Allergan Limited f/k/a Allergan plc f/k/a Actavis plc are foreign companies and expressly reserve all defenses, including those related to personal jurisdiction and service of process.

at *2 n.2 ("Because Ethicon is requesting that Healthcare Defendants be severed from this case, it was not necessary to obtain their consent prior to removal." (citation omitted)); *see also Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Nevertheless, Associated Pharmacies, Inc. and Top RX, LLC consent to removal.

92.     By filing this Notice of Removal, neither Janssen nor any other defendant waives any defense that may be available to them and reserve all such defenses. If any question arises as to the propriety of the removal to this Court, Janssen requests the opportunity to present a brief and oral argument in support of its position that this case has been properly removed.

## CONCLUSION

**WHEREFORE**, Defendants Johnson & Johnson and Janssen Pharmaceuticals, Inc. hereby assert that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1332 and 1441(b).

Respectfully submitted,

IRWIN FRITCHIE URQUHART AND MOORE LLC

January 5, 2021                    */s/ Shannon M. Kippers*
                                   Douglas J. Moore (#27706)
                                   Kelly Juneau Rookard (#30573)
                                   400 Poydras Street
                                   New Orleans, Louisiana 70130
                                   Tel: (504) 310-2100
                                   Fax: (504) 310-2101
                                   dmoore@irwinllc.com
                                   kjuneau@irwinllc.com

                                   Shannon M. Kippers (#37738)
                                   450 Laurel Street, Suite 1150
                                   Baton Rouge, Louisiana 70801
                                   Tel: (225) 615-7150
                                   Fax: (225) 615-7179
                                   skippers@irwinllc.com

                                   ***Counsel for Defendants Johnson & Johnson; Janssen Pharmaceuticals, Inc.; Ortho-McNeil-Janssen Pharmaceuticals, Inc. n/k/a Janssen Pharmaceuticals,***

***Inc.; and Janssen Pharmaceutica, Inc. n/k/a Janssen Pharmaceuticals, Inc.***

**WRITTEN CONSENT OF OTHER DEFENDANTS**

Consent to removal on behalf of Defendants WATSON LABORATORIES, INC.; WARNER CHILCOTT COMPANY, LLC.; ACTAVIS PHARMA, INC. F/K/A WATSON PHARMA, INC.; ACTAVIS SOUTH ATLANTIC LLC.; ACTAVIS ELIZABETH LLC.; ACTAVIS MID ATLANTIC LLC.; ACTAVIS TOTOWA, LLC; ACTAVIS LLC; ACTAVIS KADIAN LLC; ACTAVIS LABORATORIES UT, INC. F/K/A WATSON LABORATORIES, INC.-SALT LAKE CITY; ACTAVIS LABORATORIES FL, INC. F/K/A WATSON LABORATORIES, INC.-FLORIDA; TEVA PHARMACEUTICALS USA, INC.; CEPHALON, INC.

*/s/ Richard S. Crisler*
Richard S. Crisler (#28007)
Michael C. Mims (#33991)
C. Wm. Bradley (#03371)
Natalie J. Taylor (#31282)
BRADLEY MURCHISON KELLY & SHEA LLC
1100 Poydras St., Ste. 2700
New Orleans, LA 70163
Tel.: (504) 596-6300
Fax: (5040 596-6301
rcrisler@bradleyfirm.com
mmims@bradleyfirm.com
bbradley@bradleyfirm.com
ntaylor@bradleyfirm.com

And

*/s/ Leland G. Horton*
Leland G. Horton (#26982)
BRADLEY MURCHISON KELLY & SHEA LLC
401 Edwards St., Ste. 1000
Shreveport, LA 71101
Tel: (318) 227-1131
Fax: (318) 227-1141
lhorton@bradleyfirm.com

Consent to removal on behalf of Defendant
NORAMCO, INC. (Louisiana counsel not yet obtained.)

/s/ *Daniel G. Jarcho*
Daniel G. Jarcho*
ALSTON & BIRD LLP
950 F Street NW
Washington, DC 20004
Tel: (202) 239-3254
Fax: (202) 239-3333
Daniel.jarcho@alston.com

Cari K. Dawson*
Jenny A. Hergenrother*
ALSTON & BIRD LLP
1201 West Peachtree Street NW
Atlanta, GA 30309
Tel: (404) 881-7000
Fax: (404) 881-7777
Cari.dawson@alston.com
Jenny.hergenrother@alston.com

*Denotes national counsel who will seek pro hac vice
admission

Consent to removal on behalf of Defendant
INDIVIOR INC.

/s/ *Glenn M. Farnet*
Glenn M. Farnet (#20185)
KEAN MILLER LLP
400 Convention Street, Suite 700
P.O. Box 3513 (70821-3513)
Baton Rouge, LA 70802
Tel: (225) 387-0999

AND

/s/ *Karen M. Fontana Young*
Karen M. Fontana Young (#23734)
KEAN MILLER LLP
First Bank and Trust Tower
909 Poydras St., Suite 3600
New Orleans, LA  70112
Tel: (504) 585-3050

Consent to Removal on behalf of Defendant
MYLAN PHARMACEUTICALS INC.

/s/ *James A. Brown*
James A. Brown (#14101)
Tyler D. Trew (#34125)
LISKOW & LEWIS, PLC
701 Poydras Street, Suite 5000
New Orleans, LA 70139-5099
Tel: (504) 581-7979
Fax: (504) 556-4108
Jabrown@liskow.com
ttrew@liskow.com

Consent to removal on behalf of Defendant WEST
WARD PHARMACEUTICALS CORP. N/K/A HIKMA
PHARMACEUTICALS USA INC.

/s/ *Nicole M. Boyer*
Nicole M. Boyer (#29775)
DUPLASS, ZWAIN, BOURGEOIS, PFISTER,
WEINSTOCK & BOGART
3838 N. Causeway Blvd., Suite 2900
Metairie, LA 70002
Tel: (504) 832-3700
Fax: (504) 837-3119
nboyer@duplass.com

Consent to removal on behalf of Defendant SUN
PHARMACEUTICAL INDUSTRIES, INC.

/s/ *Suzanne Forbis Mack*
Suzanne Forbis Mack*
Christopher W. Wasson*
Troutman Pepper Hamilton Sanders, LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA 19103
Tel: 215-981-4000
Suzanne.Mack@troutman.com
Christopher.Wasson@troutman.com

*Denotes national counsel who will seek pro hac vice
admission

Consent to removal on behalf of Defendants SANDOZ
INC.; NOVARTIS PHARMACEUTICALS CORP.

*/s/ Celeste R. Coco-Ewing*
Celeste R. Coco-Ewing, 25002
Madison A. Sharko, 36670
BARRASSO USDIN KUPPERMAN
FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, Louisiana 70112
Tel: (504) 589-9700
Fax: (504) 589-9701

## **CERTIFICATE OF SERVICE**

I hereby certify that I have, on January 5, 2021, caused a copy of the foregoing to be filed

electronically. Notice of this filing will be sent by operation of the Court's electronic filing system

to all parties indicated on the electronic filing receipt.

DATED: January 5, 2021

*/s/ Shannon M. Kippers*
Shannon M. Kippers